IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HERMAN L. GLADNEY, ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-2072 (PTG/LRV) |
| ) | |
| PATRICIO ENTERPRISES, ) | |
| ) | |
|     *Defendant*. ) | |
| ) | |

## MEMORANDUM ORDER

This matter comes before the Court on Defendant's Motion to Dismiss ("Motion"). Dkt. 8. Plaintiff Herman L. Gladney, proceeding *pro se*, filed this suit against his former employer, Defendant Patricio Enterprises, alleging that Defendant's conduct toward him caused another employer to not hire him. *Id.* at 2. Plaintiff sued Defendant for violating the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, and Title I of the Americans with Disabilities Act ("ADA"). Dkt. 1 ("Compl."). Defendant filed the instant Motion, contending that the Complaint should be dismissed for failure to state a claim. *See* Dkts. 8, 9. The parties fully briefed the matter and it is ripe for disposition.[1] Dkts. 12, 15. For the reasons stated below, the Court grants Defendant's Motion to Dismiss.

---

[1] Plaintiff filed an opposition to the Motion, but it is titled "Motion in Opposition to Defendant Patrico's Motion to Dismiss and Memorandum to Continue Jury Trial Demand." Dkt. 12.

## Background

The following facts, taken from the Complaint, are accepted as true:[2]

Plaintiff is a 67-year-old African American man and suffers from a physical disability. Compl. at 1-2. From February 2019 to November 2023, Plaintiff was employed by Defendant, a contractor for the United States Department of Defense ("DOD"). *Id.* at 2. During the time Plaintiff was working on the contract, Defendant lost the DOD contract to another contractor ("new contractor"). *Id.* The new contractor indicated that it would hire each of Defendant's incumbent employees who had been working on the contract for Defendant. *Id.* Around this time, Defendant required Plaintiff to lead three additional programs along with his current program, giving him a total of four programs to manage. *Id.* The government employee who was the program manager did not agree with Plaintiff managing four programs because that was more than anyone else in the organization. *Id.*

Subsequently, Defendant placed Plaintiff on a performance improvement plan ("PIP") and gave him a written letter of warning. *Id.* Defendant's program manager then visited Plaintiff and counseled him in front of the government client's leadership. *Id.* at 3. Subsequently, "all punitive actions were dropped." *Id.* Plaintiff then applied for the job with the new contractor and "was considered hired." *Id.* Approximately three weeks before the Defendant's contract ended, the new contractor contacted Plaintiff and informed him that the government had decided to eliminate his position, and he needed to look for a job. *Id.* Plaintiff's position with Defendant ended on

---

[2] In considering a motion to dismiss for failure to state a claim, as the case here, "a court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

November 6, 2023.³ *Id.* Plaintiff later found out that the government had not eliminated his position, and that the new contractor hired another person for the position. *Id.* Per Plaintiff, the new contractor retained younger employees although many had less experience than Plaintiff. *Id.* at 5.

On November 21, 2024, Plaintiff filed the instant action against Defendant for violating Title VII, the ADA, and the ADEA due to the new contractor's failure to hire Plaintiff.

## Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss when a complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This pleading standard does not require detailed factual allegations; rather, the plaintiff must plead factual content allowing the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, a complaint is insufficient if it relies upon "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (first quoting *Iqbal*, 556 U.S. at 679; and then quoting *Twombly*, 550 U.S. at 557).

When reviewing a motion brought under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint[,]" drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). The Court must also construe *pro se* complaints liberally. *See Erickson*

---

³ The Complaint mistakenly refers to his end date as November 6, 2024. However, elsewhere, he indicates that it was November 6, 2023.

*v. Pardus*, 551 U.S. 89, 94 (2007). However, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* plaintiff still must allege facts that state a cause of action. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

## Analysis

### I.   Plaintiff Fails to State Plausible Claims of Race, Age, or Disability Discrimination Against Defendant

Under the ADEA, ADA, and Title VII, liability attaches only to an "employer" who engages in a prohibited employment practice. 29 U.S.C. § 621 *et seq.*; 42 U.S.C. § 12112(a); 42 U.S.C. § 2000(e) *et seq.* To state a claim for a violation of the ADEA, ADA, or Title VII, the plaintiff must allege facts showing that the defendant employer took an adverse employment action against him or failed to hire him for a job for which he was qualified based on his protected status. *McDonnell Douglass Corp. v. Green*, 411 U.S. 792, 802 (1973); *see, e.g., Din v. Montgomery Cnty.*, No. 22-1115, 2022 WL 4128083, at *1 (4th Cir. Sept. 12, 2022) (stating that the same legal framework applies to ADEA, ADA, and Title VII claims). The Fourth Circuit has emphasized that a discrimination claim must be directed against the employer that actually made or carried out the challenged decision. *See Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 189 (4th Cir. 1998) (indicating that liability under Title VII extends only to the "employer" responsible for the alleged discrimination). Additionally, conclusory accusations of discrimination based on race, disability, and age are insufficient to survive a motion to dismiss. *See Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003).

In the instant case, Plaintiff's primary allegation is that Defendant's actions prompted a new and *different* contractor to not hire Plaintiff. Defendant asserts that Plaintiff has not stated a

4

claim against Defendant because the ADEA, ADA, and Title VII do not provide a remedy for a failure-to-hire claim against a former employer. The Court agrees with Defendants.

Here, Plaintiff states that he is a 67-year-old African American man with a disability. Compl. at 5, 7. He asserts that Defendant put him on a PIP, issued a written letter of warning, and counseled him in front of the government client. *Id.* at 3. He then accuses Defendant of preventing him from being hired by the new contractor. *Id.* (stating that Defendant's conduct "cause the denial of opportunity to retain his position with the successor government contractor."). That accusation is insufficient to state a claim because the new contractor—not Defendant—is the "employer" that is responsible for the decision not to hire Plaintiff. Plaintiff's statement that other younger and less experienced employees were hired is also a claim against the new contractor, not Defendant.

Additionally, the Complaint does not include any factual assertions to suggest that race, age, or disability, played a factor in Defendant's actions towards him. It just includes conclusory statements that they did. In fact, the Complaint does not even identify Plaintiff's disability. Moreover, to the extent Plaintiff attempts to interject new facts that are not raised in the Complaint, it is not allowed. Plaintiffs cannot amend their complaint through briefings. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing[s]"). Thus, the Court finds that Plaintiff has failed to state a claim against Defendant under the ADEA, ADA, or Title VII. However, the Court will grant Plaintiff leave to amend his Complaint to state a claim based on any adverse actions Defendant might have taken against Plaintiff in violation of the ADA, ADEA, or Title VII.

## Conclusion

For the reasons stated above, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 8) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's ADEA, ADA, and Title VII claims are **DISMISSED without prejudice**. Plaintiff may file an amended complaint within twenty-one (21) days.

The Clerk is **directed** to forward copies of this Order to Plaintiff Herman Gladney, proceeding *pro se*.

Entered this 23rd day of September, 2025
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge